# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                      :        Case No. 3:06-cr-154
                                                    Case No. 3:09-cv-008

                                                    District Judge Timothy S. Black
       -vs-                                   Magistrate Judge Michael J. Newman
                                   :

THOMAS L. McCAULEY,

       Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 88). On Judge Ovington's Order (Doc. No. 89), the Government has filed a Response in Opposition (Doc. No. 93). Defendant has filed a Reply (Doc. No. 98) and was permitted to supplement his argument several times (Doc. Nos. 99, 100, 101, 103). His additional requests to supplement (Doc. Nos. 102, 104) are granted to the extent that the supplementation has already been made.

### Procedural History

McCauley was indicted by the grand jury for this District in September, 2006. His motion to suppress evidence was denied by Judge Rice. On March 15, 2007, he and the United States stipulated to the three prior convictions in the Government's Amended Notice of Armed Career Criminal Sentencing Enhancement under 18 U.S.C. § 924(e) and McCauley pled guilty

1

conditionally, preserving his right to appeal denial of the motion to suppress. In July, 2007, Judge Rice sentenced McCauley to the 180-month term of confinement which he is now serving. McCauley appealed and the conviction was affirmed, *United States v. McCauley*, 548 F.3d 440 (6th Cir. 2008). After the instant Motion to Vacate was filed, the Supreme Court denied certiorari (Doc. No. 86).

Defendant pleads the following claims in his Motion:

A. Petitioner and his wife Denise, were "arrested --without probable cause" before any alleged and voluntary consent to search could be given; and before the firearm was located. (Motion Doc. No. 83, PageID 508).

B. The Government unlawfully applied Title 18, U.S.C. § 924(e) to Petitioner. *Id.* PageID 511.

C. The Fifth Amendment to the Constitution of the United States forbids Congress and the courts to punish petitioner a second time for an old matter, or for an offense which he had already been once fully punished for. *Id.* PageID 514.

D. The Second and Fifth Amendment[s] to the Constitution of the United States deprives Congress and the courts of the United States of all power to annul-abolish any right enumerated in one of the first eight amendments, including the "right" to keep and bear a legal firearm for a lawful purpose. *Id.* PageID 515.

E. The Second and the Fifth Amendments to the Constitution deprives [sic] Congress of all power to use the Commerce Clause as a power to deny any American citizen of any right enumerated in on of the first eight amendments. *Id.* PageID 519

F. The Second Amendment "right" to keep and bear arms is an inalienable right. *Id.*

G. Due Process of Law. *Id.*

H. Congress is denied power to annul any right enumerated in one of the first eight amendments. *Id.*

I. The injunctions of the Second and the Fifth Amendments denies [sic] Congress a power to use the Commerce Clause as

>> a power to annul any right enumerated in one of the first eight amendments, including the right protected by the Second Amendment to the Constitution. *Id.* PageID 521.
>
> J. Petitioner's plea was unintelligently made, and is constitutionally infrim [sic]. *Id.* PageID 523
>
> K. Petitioner was denied-deprived of his Sixth Amendment right to effective assistance of counsel. *Id.* PageID 524.

In its Answer, the United States argues McCauley cannot relitigate Claim A because it has already been decided against him on direct appeal. (Response, Doc. No. 93, PageID 576.) The same argument is offered on Claim B that prior convictions were improperly used to justify Armed Career Criminal Act ("ACCA") enhancement. *Id.* As to the remaining claims, the Government asserts they are procedurally defaulted by McCauley's failure to raise them on direct appeal. *Id.* PageID 577-578.

In his Answer to the Government's Response, McCauley repeatedly asserts that the Court must take as true all of the things contained in his Statement of Facts, relying repeatedly on *Bland v. California Dept. of Corr.*, 20 F.3d 1469 (9th Cir. 1994). However, many of the propositions which McCauley deems uncontroverted under this argument are not factual statements at all, but conclusions of law. For example, at PageID 622 he argues the Government did not dispute his statement at pages 3-4 of the § 2255 "petition" "that the Second Amendment guaranteed each and every American an individual [right] to keep and bear Arms. . ." That is a conclusion of law, not a statement of fact. *Bland* is not to the contrary; it merely holds that uncontroverted statements of fact will be taken as true without commenting on the distinction between statements of fact and conclusions of law.

3

**Analysis**

**Claim A**

McCauley does not dispute the assertion of the United States that his Fourth Amendment claims, reiterated in Claim A, were decided against him on direct appeal.  In fact the bulk of the Sixth Circuit's analysis is devoted to those questions.  Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583  (6th Cir. 1993). Claim A should be dismissed with prejudice as having been decided by the Court of Appeals.

**Claim B**

As to Claim B, instead of responding to the Government's argument, McCauley asserts that his argument that the prior convictions were not properly used was not even raised on appeal.  He also repeats the "uncontradicted statement of facts" argument.  For the reasons given with respect to Claim A, to wit that the claims were decided against him on direct appeal, McCauley's Claim B should be dismissed with prejudice.

4

**Claim C**

In Claim C Mccauley asserts he has received 164 months imprisonment under the ACCA solely on the basis of past offenses which he asserts is prohibited by the Fifth Amendment. (Motion to Vacate, Doc. No. 83, PageID 514, *citing Cummings v. Missouri*, 71 U.S. 277 (1866), and *Twining v. New Jersey*, 211 U.S. 78 (1908).)  McCauley does not state what part of the Fifth Amendment he is invoking and neither Cummings nor Twining seems at all analogous to his situation.  The Fifth Amendment does include the prohibition on Double Jeopardy and that Clause prohibits multiple punishments for the same offense.  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  However, it is no violation of the Double Jeopardy Clause to impose additional punishment upon conviction of a subsequent offense on the basis of the fact, if it be proved, that the defendant has had prior offenses of a certain nature.  That is all that is done with the ACCA.  Claim C is without merit.

**Claims D, E, F, G, H, and I**

In these six Claims, McCauley argues in various ways that his conviction in this case violates his enumerated and inalienable Second Amendment individual right to bear arms and/or his right to own and possess firearms until or unless it is taken away from him in a proceeding in which he is accorded due process of law.

McCauley does not deny the Government's claim that these arguments were not made on direct appeal, but counters that they were omitted because he received ineffective assistance of appellate counsel.  A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The two-pronged *Strickland v. Washington* test – deficient

5

performance plus prejudice – applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745 (1983). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004)*;See Smith v. Murray*, 477 U.S. 527 (1986). If the arguments which counsel failed to present are without merit, then an ineffective assistance of appellate counsel claim as an excuse for procedural default fails both prongs of *Strickland*: it is neither deficient performance nor prejudicial to fail to present arguments which have no merit.

As the Court understands McCauley argument, it is that the Second Amendment creates an individual right in every American citizen to possess a firearm, that there has never been a proceeding comporting with due process which deprived him of that right, and that therefore his conviction punishes him for exercising an inalienable right.

While the Second Amendment contains language protecting "the" right to keep and bear arms, it was not until *District of Columbia v. Heller,* 554 U.S. 570 (2008), that the Supreme Court read the Second Amendment as creating or recognizing that the Second Amendment right was individual. The Supreme Court did not provide a complete explanation of the right in *Heller*, but wrote:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626-627.  Since there is no doubt about McCauley's numerous prior felony convictions, his claim to be entitled to possess a firearm finds no support in *Heller*.

6

McCauley argues that neither Congress nor the federal courts has the power to annul any of the enumerated rights in the first eight amendments to the Constitution and that is certainly true. But from his extensive quotation of *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803), McCauley must understand that the Constitution controls Congress and the courts because it is law, but it is the courts which determine what the law is – and the Supreme Court has not determined that the Second Amendment invalidates laws prohibiting the possession of firearms by convicted felons.

McCauley says he is not at this time directly challenging the constitutionality of 18 U.S.C. § 922(g), but merely arguing that there has never been a due process proceeding depriving him of his Second Amendment right. In this he is wrong. He received full criminal due process for each of the felony convictions which he has suffered. "Felon" is not, as McCauley argues, a "label" affixed to people at the whim of Government officials. Rather, being a convicted felon is a status which results from the strictest due process known to American law. As the United States emphasizes, numerous federal courts in the wake of Heller have rejected any claim to a continued Second Amendment right to possess firearms by those convicted of felonies. (Answer, Doc. No. 93, PageID 581, citing decisions from six circuit courts of appeals.)

McCauley argues that Congress cannot use the Commerce Clause to deny an American citizen any one of the rights enumerated in the first eight amendments (Motion to Vacate, Doc. No. 83, PageID 519). That is certainly also true, but again it is the federal courts which decide what those enumerated rights mean, what their contours are.[1] No federal appellate court has ever held that the Second Amendment means that a convicted felon may continue to possess firearms in the face of state or federal prohibitions to the contrary. McCauley's Claims D, E, F, G, H, and I are without merit and should be dismissed with prejudice.

---

[1] McCauley cites for this proposition *Scott v. Sandford*, 60 U.S. 393 (1857). The "right" upheld in *Scott* was the supposed property right of white Americans to hold kidnapped Africans and their progeny in chattel slavery.

7

### Claims J and K

In his last two claims, McCauley asserts that he received ineffective assistance of trial counsel. He avers his plea was unintelligent because he was misinformed about his Second and Fifth Amendment rights and that his trial and appellate attorneys did not protect those rights.

For the reasons set forth with respect to Claims D, E, F, G, H, and I, McCauley's Second and Fifth Amendment rights were not violated by these proceedings and thus it was neither deficient performance nor prejudicial to fail to advise him as he now argues should have been done.

### Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, Mr. McCauley should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

August 11, 2011.

s/ Michael J. Newman
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\GDH & KAK\McCauley Habeas R&R.wpd