# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:06-cr-154
                                                 Also 3:13-cv-292

                                                 District Judge Timothy S. Black
- vs -                                      Magistrate Judge Michael R. Merz

THOMAS L. McCAULEY,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This is an action brought *pro se* by Defendant Thomas L. McCauley pursuant to 28 U.S.C. § 2255 for relief from his conviction and sentence in this case. All post-conviction collateral attacks on criminal judgments are referred to the undersigned Magistrate Judge by the Dayton General Order of Assignment and Reference (General Order DAY 13-01, available at www.ohsd.uscourts.gov/ General Orders).

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge

must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

McCauley pleads the following Grounds for Relief:

**Ground One**:  Ineffectiveness of Counsel

**Supporting Facts:**  Public Defender refuse[d] to argue the 1976 conviction which "clearly" states "attorney could not be determined."  Also the 9-11-87 conviction was a "burglary" which public defender let the Court change to a[n] aggravated robbery.

**Ground Two**:  Public defender Cheryll Bennett refuse[d] to ask to suppress evidence.

**Supporting Facts:**  The state court dismissed because compliant [sic] and her witness completely told two completely different stories about the said offense.

**Ground Three:**  Jurisdiction of Park Ranger

**Supporting Facts:**  Once I found out state employees has [sic] no right to arrest nor pull weapons if it is not a capital offense.  As well as trespass on "private property."

**Ground Four:**  The Descamps v. United States

**Supporting Facts:**  Found new information concerning the enfinancement [sic] law.

(Motion, Doc. No. 119.)

**Procedural History**

The grand jury for this judicial district indicted McCauley on September 12, 2006, on one count of possessing a firearm after having been convicted of three or more felonies and one

2

count of possession of crack cocaine and marijuana (Indictment, Doc. No. 13).  On November 16, 2006, the Government filed notice that McCauley would be subject to sentencing enhancement as an armed career criminal if convicted (Notice, Doc. No. 119).  McCauley filed a Motion to Suppress on March 12, 2007 (Doc. No. 42).  On March 15-16, 2007, McCauley entered into a Plea Agreement with the Government (Doc. No. 49) and then pled guilty (Minute Entry, Doc. No. 53), preserving his right to appeal denial of the motion to suppress.  On July 17, 2007, Judge Rice sentenced McCauley to the term he is now serving (Doc. Nos. 70, 71).  The Sixth Circuit affirmed the conviction, including the refusal to suppress evidence, given the valid consent of McCauley's wife, and the sentence under the Armed Career Criminal Act.  *United States v. McCauley*, 548 F.3d 440 (6th Cir. 2008).  The Supreme Court then denied certiorari.  *McCauley v. United States,* 556 U.S. 1112 (2009).

On January 8, 2009, McCauley filed an initial § 2255 Motion (Doc. No. 83).  On Report and Recommendations of Magistrate Judge Michael Newman (Doc. No. 107), Judge Black dismissed the initial § 2255 Motion on February 14, 2012)(Doc. No. 113).  The Sixth Circuit denied McCauley a certificate of appealability (Order, Doc. No. 117).  The instant Motion followed.

**Analysis**

**Second or Successive Motion?**

28 U.S.C. § 2255(h) as amended by the AEDPA provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

3

>   (1) newly discovered evidence which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although permission to file must come from the Court of Appeals, the district court must decide in the first instance whether a petition or § 2255 motion is second or successive. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 8089 (6th Cir. 2012).

The instant § 2255 Motion is plainly "second or successive" within the meaning of § 2255(h). McCauley labeled his prior motion as brought under § 2255 and he filed it on the standard form prescribed by the Judicial Conference of the United States for filing such actions (See Doc. No. 88 and Appendix of Forms attached to Rules Governing § 2255 Motions). The prior Motion was decided on the merits (See Doc. Nos. 107, 113). Therefore the instant Motion is second or successive within the meaning of § 2255(h). A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007). Therefore this § 2255 case should be dismissed for lack of jurisdiction, without prejudice to its refiling if the Sixth Circuit grants McCauley permission.

In his Fourth Ground for Relief, McCauley adverts to *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In that case the Supreme Court clarified the test for which prior convictions constitute violent felonies for purposes of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). McCauley does not explain how he believes *Descamps* affects his case, but the decision in no way affects the analysis in this case, even assuming it is to be

applied retroactively to cases already final on appeal. The Sixth Circuit found the relevant predicate offenses in this case to be as follows:

> Appellant's prior convictions include (1) one count of Aggravated Robbery and one count of Felonious Assault which were committed on October 18, 1976; (2) one count of Aggravated Robbery which was committed on February 6, 1987; and (3) one count of Aggravated Robbery which was committed on May 15, 1987. We need not consider whether the 1976 convictions constitute one or two predicate offenses under the ACCA. Treating either felony in the 1976 conviction as one predicate offense and combining it with the two 1987 qualifying offenses would require sentencing under the ACCA. As such, we focus on appellant's arguments involving the 1987 offenses.
>
> Appellant was convicted of two counts of aggravated robbery at a hearing that took place on November 16, 1987. At that hearing, he was convicted of the offenses which had occurred on February 6, 1987 and May 16, 1987. Appellant argues that, under the ACCA, his two 1987 convictions were not "committed on occasions different from one another" because they were consolidated for sentencing purposes.

548 F.3d at 448. Since revision of the Ohio criminal code in 1974, every variety of aggravated robbery under Ohio Revised Code § 2911.01 has been a violent felony because it had as an element the use of a deadly weapon or dangerous ordnance or the actual infliction of serious physical harm on the victim. It is not necessary to look as any of the documents permitted to be examined under *Descamps* to make this determination: the violence elements are in the statute itself.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be dismissed for lack of jurisdiction without prejudice to its refiling if permission is granted by the Sixth Circuit.  Because reasonable jurists would not disagree with this conclusion, McCauley should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

August 29, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).